IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW J. MONACO, Jr.

      Plaintiff,                    No. 2:12-cv-1231 GGH P

    vs.

STEVE MOORE, Sheriff,

      Defendant.           ORDER

_____/

        Plaintiff is a pretrial detainee proceeding pro se. Although plaintiff has filed a petition, purportedly pursuant to 28 U.S.C. § 2254, plaintiff's allegations indicate that this action should proceed under 42 U.S.C. § 1983. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. See docket # 4.

        Although plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), the court will not assess a filing fee at this time, as plaintiff evidently intended to proceed in this action as a petitioner under 28 U.S.C. § 2254. Because of the significant differences between the filing fee for a habeas petitioner ($5.00) and for an action under 42 U.S.C. § 1983 ($350.00), the court will await an amended complaint in accordance with

1

this order before assessing the appropriate filing fee.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 566 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

\\\\\

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff alleges that he is a pretrial detainee whose Eighth and Fourteenth Amendment rights have been violated at San Joaquin County Jail. Plaintiff contends that he was arrested by the Stockton Police Department for violating Cal. Penal Code § 211 (robbery) and placed in San Joaquin County Jail on September 28, 2011. Without violating a jail rule or policy or having had a hearing, he claims he was placed for administrative purposes in administrative segregation (ad seg) on October 1, 2011 until January of 2012, without notice and without being informed as to the reason. He also alleges that he was again placed in ad seg on or about February 2012, without violation of any rule and without written notice or a hearing. Plaintiff alleges it is a common place for jail officials to place inmates in ad seg without written notice or a hearing. Plaintiff alleges a supporting affidavit is attached but the court cannot locate such document. Petition [Complaint], pp. 4-5.

Plaintiff's complaint must be dismissed for several reasons. In the first place, plaintiff has failed to use the appropriate vehicle for a challenge to the conditions of his confinement, i.e., he has failed to proceed under 42 U.S.C. § 1983.

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).

\\\\\

In the second place, having failed to use the appropriate form for filing a civil rights action, plaintiff also fails to set forth the relief he seeks, which violates Rule 8(a)(3) of the Federal Rules of Civil Procedure. Third, simply alleging his placement in administrative segregation without a hearing is not enough to implicate the Due Process Clause. Because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law," the Supreme Court has determined that "the proper inquiry is whether" the conditions complained of "amount to punishment of the detainee." Bell v. Wolfish, 441 U.S. 520, 535, 99 S. Ct. 1861 (1979). "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate government objective, it does not, without more, amount to 'punishment.'" Block v. Rutherford, 468 U.S. 576, 104 S. Ct. 3227 (1984) quoting Bell v. Wolfish, 441 U.S. at 539, 99 S. Ct. at 1874. Disciplinary segregation cannot be imposed for a pretrial detainee's violation of jail rules without a hearing, Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir. 1996), and the due process that is required is set forth by Wolff v. McDonnell, 418 U.S. 539, 94 S. Ct. 2963. Mitchell, 75 F.3d at 525. Detainees may, however, "be segregated for administrative or security reasons with less procedural due process...." Henderson v. City and County of San Francisco, 2006 WL 3507944*14 (N.D. Cal. 2006). "[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." Bell v. Wolfish, 441 U.S. at 546, 99 S. Ct. at 1878. Thus, if

> a pretrial detainee is subjected to administrative segregation for administrative and security reasons, and not as punishment, he is entitled to procedural due process only if: (1) there is a state statute or regulation that narrowly restricts the power of jail officials to impose administrative segregation and (2) the segregation at issue amounts to "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." See [Mitchell v. Dupnik, 75 F.3d] at 523 (quoting and applying Sandin v. Conner, 515 U.S. 472, 484 (1995), to procedural due process claim by pretrial detainee where deprivation at issue is not imposed as punishment).

Abenth v. Palmer, 1999 WL 118003 *2 (N.D. Cal. 1999).

Here, plaintiff has specifically alleged that he was placed in ad seg for "an administrative reason" and not for his having violated any rule; therefore, on the face of it, plaintiff has not alleged that the placement was imposed as a punishment. The "petition" will be dismissed for plaintiff to amend in the form of a complaint under 42 U.S.C. § 1983.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to re-designate this case as one filed pursuant to 42 U.S. § 1983.

2. Plaintiff's request for leave to proceed in forma pauperis will be considered once plaintiff files an amended complaint.

1        3. The Clerk of the Court is directed to provide plaintiff with a form used for filing a civil rights complaint by a prisoner in this district.

       4. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: July 10, 2012

                              /s/ Gregory G. Hollows
                      UNITED STATES MAGISTRATE JUDGE

GGH:009
mona1231.b