IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW J. MONACO, JR.,

    Plaintiff,                    No. 2:12-cv-1231 AC P

    vs.

STEVE MOORE, Sheriff,

    Defendant.                <u>ORDER</u>

                              /

        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the magistrate judge. On September 21, 2012, plaintiff's first amended complaint was found appropriate for service upon defendant Steve Moore. On October 25, 2012, the court ordered the U.S. Marshal to serve the first amended complaint on defendant Moore, who has not yet appeared in this action. In the interim, on October 17, 2012, plaintiff filed a second amended complaint (Doc. No. 17).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

1

be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 678 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The due process claim against Steve Moore, San Joaquin County Sheriff, was previously presented in the first amended complaint and has been found colorable. Order filed September 21, 2012 (Doc. No. 10).

The second amended complaint seeks to add as a defendant San Joaquin County Deputy District Attorney C. Casey. Doc. No. 17. Plaintiff alleges that he is diabetic and needs his prescription eyeglasses to see properly, and that Casey failed to release his glasses to him from evidence after being ordered to do so by the state court judge in October of 2011. Doc. No. 17, pp. 9-12. Plaintiff alleges that without his glasses he must close his left eye to avoid seeing double. Id. Plaintiff has had to make do with non-prescription glasses his public defender has helped him purchase. Id. Plaintiff asserts that his public defender recently filed a motion in the state court where a criminal case is proceeding against him seeking the return of plaintiff's glasses. Id.

The allegations against Casey do not present a colorable claim of a due process violation, and it is at best dubious whether they support a claim of deliberate indifference to a serious medical condition. See Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (discussing deliberate indifference standard). However, plaintiff faces even more fundamental obstacles in attempting to proceed in this action against a prosecuting attorney in an on-going state criminal proceeding. The requested injunctive relief would interfere with a pending state criminal proceeding, which this court may not do absent extraordinary circumstances creating a threat of irreparable injury. Younger v. Harris, 401 U.S. 37, 45-46 (1971). Such threat must be "both great and immediate." Id. at 46 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926). No such threat is presented on the facts alleged here

In addition, prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409 (1976). Determining whether a prosecutor's actions are immunized requires a functional analysis. The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies. Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986)(en banc). The prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune. Thus,

1 even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony
2 and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial
3 immunity.  See Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984).  A prosecutor's
4 handling of property in evidence appears to fall squarely within the quasi-judicial prosecutorial
5 function for which Casey would be entitled to absolute immunity.
6       Finally, plaintiff appears to be asking this court to direct the state court to enforce
7 the state court's own order.  Federal courts lack jurisdiction to issue a writ of mandamus to a
8 state court.  Demos v. United States Dist. Court for the E. Dist. of Wash., 925 F.2d 1160, 1161
9 (9th Cir. 1991), citing 28 U.S.C. § 1651.
10       For the reasons explained above, the claim involving Casey's failure to return
11 plaintiff's eyeglasses cannot be saved by further amendment.  "Under Ninth Circuit case law,
12 district courts are only required to grant leave to amend if a complaint can possibly be saved.
13 Courts are not required to grant leave to amend if a complaint lacks merit entirely."  Lopez v.
14 Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).  See also, Smith v. Pacific Properties and
15 Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d
16 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend
17 the pleading was made, unless it determines that the pleading could not be cured by the
18 allegation of other facts.").  Because the allegations involving defendant Casey cannot support a
19 viable federal claim, amendment of the newly-added claim would be futile.
20       Plaintiff's second amended complaint will therefore be stricken, and this action
21 will continue to proceed on the first amended complaint filed July 27, 2012 (Doc. No. 9).
22       Accordingly, IT IS HEREBY ORDERED that plaintiff's second amended
23 complaint (Doc. No. 17) is stricken, and this matter will proceed on plaintiff's first
24 ////
25 ////
26 ////

1 amended complaint.

2 DATED: December 7, 2012.

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
mona1231.ord

5