IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW J. MONACO, JR.,

    Plaintiff,               No. 2:12-cv-1231 AC P

   vs.

STEVE MOORE, Sheriff,

    Defendant.           ORDER

         Plaintiff, a pretrial detainee at San Joaquin County Jail, seeks relief pursuant to 42 U.S.C.§ 1983. Defendant Sheriff Moore filed a motion to dismiss on January 15, 2013. Plaintiff has been granted two extensions of time to file his opposition to the motion. See Order filed on February 19, 2013 (ECF No. 30) and Order, filed on March 21, 2013 (ECF No. 33). Plaintiff has, however, failed to file any opposition. Instead, plaintiff has filed a request for permission to add Doe defendants (ECF No. 34), with a subsequent request (ECF No. 35) indicating that his response to the pending motion to dismiss "has been put on hold" until he receives a response regarding his request to add Doe defendants.

         Plaintiff named Doe defendants in his first amended complaint; however, the court ordered service only upon the named defendant. Unnamed parties cannot be served.

1  Moreover, Doe pleading in the federal courts is not favored as a general rule. Gillespie v.
2  Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Amendment is allowed, however, to substitute true
3  names for fictitiously named defendants. Merritt v. County of Los Angeles, 875 F.2d 765 (9th
4  Cir. 1989). As plaintiff's request is not to add named defendants, it will be denied.

5        Plaintiff also filed a request that the court order jail officials not to open his mail
6  from the court outside his presence. He indicated that on two occasions, mail from this court
7  was opened when he received it. Prison officials may inspect (but not read) a prisoner's legal
8  mail, but only in the presence of the prisoner. Wolff v. McDonnell, 418 U.S. 539, 577 (1974).
9  However, mail from the courts, in contrast to mail from a prisoner's lawyer, is not "legal mail."
10 Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir.1996), amended, 135 F.3d 1318 (9th Cir.1998).
11 This is so because with only minute exceptions, a court's correspondence to a litigant is a public
12 document. Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987). In any event, this claim, which
13 does not rise to the level of a constitutional violation, is not encompassed within the first
14 amended complaint upon which this matter proceeds. The request for a court order directed to
15 jail officials regarding the opening of plaintiff's court mail will be denied.

16       Finally, the time for plaintiff to have filed his opposition to the defendant's
17 motion to dismiss has expired. By order filed on October 25, 2012 (ECF No. 18), plaintiff was
18 advised of the requirements for filing an opposition under the Local Rules. Local Rule 230(l)
19 provides in part: "Failure of the responding party to file written opposition or to file a statement
20 of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ."
21 The court will grant plaintiff one further opportunity to respond to the pending motion.

22       Accordingly, IT IS HEREBY ORDERED that:
23       1. Plaintiff's January 7, 2013 motion/request for an order prohibiting jail officials
24 from opening his mail outside his presence (ECF No. 25) is denied;
25       2. Plaintiff's March 29, 2013 request to be permitted to amend his first amended
26 complaint to be add Doe defendants (ECF No. 34) is denied; and

3. Plaintiff is granted a third and final opportunity to file an opposition to the pending motion to dismiss. Plaintiff has thirty days from the date of this order to file any opposition. There will be no further extensions of time.

DATED: April 24, 2013.

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
mona1231.ord2